UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00450-TBR-CHL

RONALD EUGENE LEE                                                                             Plaintiff

v.

CAROLYN COLVIN,                                                                              Defendant
COMMISSIONER OF SOCIAL SECURITY

**MEMORANDUM OPINION**

Plaintiff Ronald Eugene Lee filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision by the Commissioner of Social Security after Lee's application for disability benefits was denied. Lee argues that the Administrative Law Judge ("ALJ") did not properly consider a Veterans Affairs assessment that Lee was 80% disabled. Lee also argues that three of the ALJ's conclusions were not supported by substantial evidence. (Docket #9). After a review the administrative record the Court affirms in part and remands the case for further consideration.

PROCEDURAL HISTORY

Lee filed his application for disability benefits on June 7, 2011 for an alleged disability beginning on December 31, 2008. (Docket #7-2). The claim was initially denied on August 31, 2011 and again denied upon reconsideration on December 1, 2011. Lee requested and received a hearing which was held on February 22, 2013 before an Administrative Law Judge ("ALJ"). Lee was represented by Gerard Breslin, a non-attorney representative. Sharon B. Lane, a vocational expert, also appeared at the hearing. The ALJ determined that Lee "has not been under a disability within the

meaning of the Social Security Act from December 31, 2008 through the date of this decision." (Docket #7-2, p. 15). Lee requested review by the Appeals Counsel. The Appeals Counsel denied Lee's request for review by letter dated April 24, 2014.

## LEGAL STANDARD

An ALJ performs a five-step analysis to determine whether a claimant is disabled within the meaning of the Social Security Act:

1. If the claimant is engaged in substantial gainful activity, she is not disabled.

2. If the claimant is not engaged in substantial gainful activity, but her impairment is not "severe," she is not disabled.

3. If the claimant is not engaged in substantial gainful activity and is suffering from a "severe" impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. Otherwise, if the claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

5. Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled. 20 C.F.R. § 404.1520; *see also Jordan*, 548 F.3d at 422.

The claimant bears the burden of proof with respect to the first four steps. *Jordan*, 548 F.3d at 422. The burden shifts to the Social Security Administration to prove that there are available jobs in the national economy that the claimant is capable of performing. *Id.* at 423 (*citing Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391–92 (6th Cir.1999)).

Any individual may seek a review of a final decision of the Commissioner of Social Security in the federal district court for the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g). However, a district court does resolve conflicts in evidence or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir.1984). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court must affirm the conclusions of the Commissioner of Social Security unless the district court determines that an incorrect legal standard was applied or findings of fact are not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir.2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jordan*, 548 F.3d at 422 (*citing Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

## DISCUSSION

Lee argues the ALJ did not properly consider a Veterans Affairs ("VA") assessment that Lee was 80% disabled. Lee also argues that three of the ALJ's conclusions were not supported by substantial evidence. The Court will address (I) the ALJ's obligation to consider the VA assessment before turning to (II) whether the ALJ's conclusions were supported by substantial evidence.

### I. The ALJ's Obligation to Consider the VA Assessment.

The "disability decisions of other governmental agencies should be taken into account." *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721, 725 (E.D. Mich. 2011) (citing *Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir.1985)). The ALJ is not required to give the VA's decision "great weight." *Id*. (quoting *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)). However, the ALJ must explain what weight is accorded to an agency's determination and how it impacts the ALJ's analysis. *Id*. at 727. If an ALJ fails to address this issue a district court may remand the case to the ALJ for

"further consideration of the evidence in light of a better-developed record of the VA disability determination." *Id.* at 727.

Lee argues the ALJ erred in not considering a VA assessment in 2000 that Lee was 80% disabled. (Docket #9). In response, the Commissioner acknowledges that the ALJ did not reference the VA assessment but argues the VA assessment was discussed during the administrative hearing. Alternatively, the Commissioner argues that any failure to address the VA assessment was harmless error because it occurred eight years before Lee's claimed disability. (Docket #12).

The Court finds that the ALJ erred in not discussing the weight given to Lee's 2000 VA assessment. While the ALJ may have had a reason for giving no weight to the VA assessment due to its age or another factor, the ALJ must still provide that reason. *See e.g. King*, 779 F. Supp. 2d at 726 (remanding an ALJ decision that stated it "does consider" a VA determination with no further explanation and holding "there may be good reasons for disregarding the determination, but the Court on review is left to speculate on the ALJ's rationale in the absence of any meaningful discussion of the evidence"). Accordingly, this case will be remanded to the Commissioner for further consideration of this issue.

## II.     Substantial Evidence to Support ALJ's Conclusions.

Lee contends that the ALJ erred in reaching three conclusions that were not supported by substantial evidence. These conclusions are: (1) Lee retained residual functional capacity to perform sedentary work provided his feet were elevated; (2) Lee acquired work skills from past relevant work that are transferable to other occupations; and (3) Lee has not been under a disability since December 31, 2008. The Court finds

4

that, other than the ALJ's failure to consider the 2000 VA assessment, the conclusions reached by the ALJ were supported by substantial evidence.

Lee's first objection is to ALJ Finding No. 5, which states:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined 20 CFR 416.1567(a) except he should be allowed to elevate his feet during the workday to the height of a stool, about 12 inches off the ground.

Lee contends that pain in both knees, a shoulder injury, an ankle condition, and degenerative discs in his back prevent him from physically performing a sedentary job. Lee also contends that he suffers from Generalized Anxiety Disorder and Post Traumatic Stress Disorder which prevent Lee from performing a sedentary job. (Docket #9).

The ALJ found that most of Lee's claimed disabilities were undercut by the fact that Lee sought only limited or no treatment for these conditions. For instance, the ALJ noted Lee had received "little or no treatment for shoulder or ankle pain or related symptoms during the period since his alleged onset." (Docket #7-2). Lee had also not received "any consistent treatment" to support his alleged persistent abdominal pain. (Docket #7-2). Lee's claim that he suffered side effects from medication was also uncorroborated.

The ALJ found that Lee's conditions which were corroborated by evidence were not severe enough to be disabling. For instance, Lee's claim of back pain is corroborated by "lumbar x-rays [which] note marked narrowing at L4-5," but Lee's treatment has been "sporadic and wholly conservative." (Docket #7-2). Lee's claim that he suffered from sleep apnea was supported by testimony

5

from three former co-workers, but the ALJ gave "little weight to [these] non-medical opinions" and found they were contradicted by Lee's ability to attend therapy, marriage counseling, and other appointments with no difficulty staying awake. (Docket #7-2). Lee's therapist also failed to note that Lee suffered from sleep apnea. The ALJ also found Lee's depression and anxiety to be "no more than moderate symptomatology" which Lee was treating with outpatient counseling, marriage counseling, and medication. (Docket #7-2).

The ALJ did determine that Lee has a "long history of bilateral degenerative joint disease" in both knees as well as an MRI which confirmed a small meniscal tear. (Docket #7-2). However, the ALJ cited "numerous updated imaging[s]" that show "improved or stable findings." The ALJ also cited physical examinations which showed stable knees, a "normal station and gait," and a full range of motion "but some effusion noted on the right." (Docket #7-2). The ALJ noted that a state agency reviewing physician found Lee's condition "consistent with a limited range of a light work." (Docket #7-2). The ALJ did note that Lee was taking medication for deep vein thrombosis and granted an allowance that Lee elevate his legs due to this condition.

In summation, the ALJ considered all of Lee's alleged disabilities but found they were either unsupported by evidence or not so severe as to prevent Lee from performing sedentary work. In reaching this conclusion the ALJ relied on medical records, assessments from state agency reviewing physicians and psychologists, testimony from Lee, and testimony from several other witnesses. Although this evidence was contradictory at times, the ALJ performed his function of assessing credibility and resolving contradictions in the record.

6

*Bowling v. Colvin*, 2014 WL 971692 *5 (W.D. Ky. Mar. 12, 2014); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 532 (1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, the claimant's testimony, and other evidence").

> Lee's also objects to ALJ Finding No. 10, which states:
>
> Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a) and 404.1568(d).

In reaching this conclusion the ALJ relied upon the testimony of a vocational expert. The vocational expert listed several occupations that were skilled or semi-skilled and all of which "fall under the category of production planning and expediting clerks with a total number of 1,740 in the Louisville Metro area, 3,250 in Kentucky, and 170,000 in the U.S." (Docket #7-2, p. 24). The vocational expert opined that an individual with Lee's same age, education, past work experience, and residual functional capacity could perform these jobs.

Lee argues that there is insufficient evidence in the record that Lee has acquired transferrable skills. However, Lee has not objected to ALJ Finding No. 9, which states that Lee "acquired work skills from past relevant work (20 CFR 404.1568)." In reaching that conclusion the ALJ relied upon the vocational expert's testimony that Lee's prior work as a "production/material coordinator, which is skilled," provided Lee with work skills. (Docket #7-2, p. 23). The ALJ could have reasonably relied upon the vocational expert's further opinion that Lee's already acquired work skills were

7

transferable to a new occupation. Furthermore, there is sufficient evidence that there existed alternative jobs which utilized Lee's skills existed.

Finally, Lee objects to ALJ Finding No. 11, which states:

> The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2008, through the date of this decision (20 CFR 404.1520(g)).

Lee relies on his above arguments to support his objection to this conclusion. (Docket #9). The Court has found that, except for the ALJ failure to consider the VA assessment, the ALJ has supported his findings with substantial evidence. The Court finds these conclusions support the ALJ's determination that Lee is not disabled.

For the foregoing reasons, IT IS HEREBY ORDERED that Lee's objections (Docket #9) on the grounds of the VA assessment are SUSTAINED and Lee's remaining objections are OVERRULED.

IT IS FURTHER ORDERED that this case is REMANDED to the Commissioner for further consideration.

cc:     Counsel